# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re: GUYTON, JOHANNA                                §   Case No. 09-43800
                                                      §
                                                      §
Debtor(s)                                             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on November 18, 2009. The undersigned trustee was appointed on November 18, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of         $         32,733.98

   Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 2,325.00 |
| Bank service fees | 178.83 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 3,471.66 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1] | $         26,758.49 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing  non-governmental claims in this case was 03/24/2011
and the deadline for filing governmental claims was 03/24/2011.  All claims of each class
which will receive a distribution have been examined and any objections to the allowance
of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any
claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is
$2,250.58.  To the extent that additional interest is earned before case closing, the maximum
compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the
sum of $2,250.58, for a total compensation of $2,250.58.[2] In addition, the trustee
received reimbursement for reasonable and necessary expenses in the amount of $0.00
and now requests reimbursement for expenses of $0.00, for total expenses of
$0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the
foregoing report is true and correct.

Date: 11/01/2011 _____   By:/s/GLENN R. HEYMAN _____
                             Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction
Act exemption 5 C.F.R. §1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph
may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**